why he made that stance and it's clear that he intended to have a workplace that was not hostile where people could heal and where he could get his job done. Ms. Muir decided to bring an action under the First Amendment claiming that her termination following her husband's resignation violated the First Amendment association privilege or whatever it's called by different courts and when I moved yes sir negative sir it's not it's just First Amendment pure First Amendment case it differs in that respect from Singleton one which had both parts the 14th Amendment substantive due process but was instead decided on both grounds First Amendment also so you're only here dealing with the First Amendment issues when I pleaded the defense of qualified immunity and moved for summary judgment the magistrate Judge Adams decided that I was not entitled to it and I say to you respectfully that I think Judge Adams was very very wrong let me point out to the court and I'm sure you know it that the last six seven years has come out with qualified immunity cases attempting to clarify how you size this animal up what you think about it how to apply it to try to get judges on the same page most of those cases deal with the second prong of qualified immunity however the clearly established prong yes sir I agree with that and let's assume you're right at least as to clearly established for the hook though if run that by me once more it wouldn't let the county off the hook because because there there is no qualified immunity on the on the clearly established prong for the municipality or in this case the county if assuming the sheriff was the official decision maker for the car I can see it is the official decision maker I think that well courts terminated terminology is a term if you win on the constitutional merits at the first step there is no constitutional violation ergo qualified immunity would protect the county we know that yes sir I do agree so I stand corrected in that regard well if there's if there's no personal liability of the sheriff for having made the decision he did individually there's no liability then it would follow to me that despite no liability for him personally and with your caveat there could be municipal liability I still say it does not exist because the decision itself was not yes sir it was in my brief it was absolutely in my opponent conceded it in his brief because he never came back and said word one about it let me move on if I may the first step was why is it intertwined if the problem simply is that for example since the 8th Circuit has never had an intimate association First Amendment retaliation case there's no way that this is that the clearly established issue can be viewed as beyond debate if that's the only basis for reversing the injunction why why do we why do we address why isn't the municipal liability claim simply to be dealt with due course by the district court because they are coterminous the decision by this court reversing the district court that qualified immunity exists to exempt liability in in my view in either dimension first or second step means that there is no constitutional liability of the county my point in the brief and you'll see it very quite clearly is that if there he is no notice of a deficient policy and there is not that here because it's the only time it's ever happened then the county itself the policymaker ie in his yes it is I agree but a single decision can be let's go on to the merit well the merits are singleton one the merits as to the sheriff are singleton one this court in singleton one 1998 case I think it's directly on point if you go and read that case and it doesn't take a very careful reading you'll find that when the hiring authority fires the spouse of the worker spouse but there is good basis for believing that there is rational basis for doing so there is no constitutional violation let me furthermore point out that singleton makes clear that we're not talking about burden shifting analysis under McDonnell Douglas that case comes replete with the obligation of the plaintiff to prove a specific intent now I say to you this my opponent and I we swapped depositions he had his chance to establish whatever he wanted to by the sheriff I had the chance to establish by the plaintiff that she had no reason factually to believe that the sheriff had fired her for the fact that she was married to the former sheriff the harasser she had no basis in fact to believe that she didn't believe it etc etc now I have negated a element and that means they can't prove the First Amendment case that means I win constitutionally that means the case is over respectfully I take that position let me move on please if I may to the second step this is where I truly believe Judge Adams created shall I say her own problems I refer now to the written by Judge Thomas it is a literal horn book of information about how the second step applies quite apart from singleton which says the action of my sheriff in firing this mural was constitutional Westby at the second step goes about reciting all of the qualified immunity rules the second step this I am most surprised about is that the judge used the First Amendment right so called clearly established right established in Roberts versus JC's way back in 1984 as a fundamental right of individuals to be married and sacrosanct from state's imposition well that's a rather general statement if you're going to apply it to this case and that's exactly what Judge Adams did we have gotten to the point where you don't have to mention anymore that when a judge decides a qualified immunity case at the second step you've got to take a leap and try to particularize the parallel to established law judge I just said his name in the Westby case pointed out that established law and there's lots of case law and what that means means settled law that's the first time I've seen that phrase used settled law in other words for a right to be clearly established so that every reasonable officer knows beyond debate that what he is doing is illegal has got to be in violation of settled law you and more over the judge did not cite to any cases whatsoever that gave insight to the basis that the sheriff's termination of Muir was in violation of any kind of settled law certainly Singleton in this circuit and most certainly in other circuits where it seems to be ball up in the air if you will where there's a division among courts that in fact in itself should be a basis for granting immunity at the second step I say to you respectfully which I'm sorry Oh it's Westby yeah just District of Columbia versus Westby January of 2018 it may be in my I'm sure it's probably in my reply brief that's okay Oh gentlemen you'll love that case that is an educational tour de force I say to you respectfully it is time please that the district court must be reversed on this record any further questions gentlemen thank you I reserve the rest of my time may it please the court mr. Solomon's miss mirror my client reported to work every single day for almost 20 years she worked at the Sheriff's Department there's no issue in this case that she did anything wrong violated any rule failed to do any work assignment fact mr. Boswell she was she was your honor fact sheriff Boswell admitted in his deposition that he had no problems with her work performance her employment was terminated for one reason and one reason only the person to whom she is married I have read the letter and I enduring mr. sheriff Boswell's deposition I probed him on each and every yes sir well I believe they did in Wingate and I believe they didn't Skolski correct for marital association I believe well is there speech involved in here or not directly well he was she was let go because of comments her husband made in the workplace that's very similar to me to single sexual harassment it was verbal well your honor the first no one raised that issue for one no one's raised the issue of whether or not the First Amendment covers intimate associations no one's raised it your honor this claim has been recognized it's been your honor I I beg to differ it has been recognized not only by this circuit by but by the cases from other circuits that we cited and we quoted in our brief with respect to First Amendment protects intimate associations and also expressive associations and we cited cases where the distinction was but in all fairness to us if that was an issue with the pleadings that whether or not the First Amendment covered that it was incumbent upon the defendant to raise that issue because if they would have I would have amended my pleadings and pled both well the fact with the singleton but your honor the court in singleton said they pled the same set of facts as both a 14th Amendment claim and the First Amendment claim and what the court said in singleton is the analysis is the same and what I'd say with respect to singleton your honor they did and it's in our brief and I quoted it so why isn't if singleton controls why how do you meet the standard in singleton that says the action has to be directed at the marriage and that it has to have a substantial impact on the marriage well your honor one singleton is part of the authority singleton has to be read in the context of Skolski and also in the context of Wingate and you have evolving law here the most recent case is a Skolski case no Skolski is the case where the as was the First Amendment in a retaliation claim was asserted under the First Amendment and we cited in our brief I believe you did your honor if I'm mistaken then I stand corrected but I believe in that case First Amendment claims were raised with respect to and I believe if that's the one with a teacher who brought claims based on she was fired because of things her husband had said but you also have to discuss he also says you have to be engaged in First Amendment conduct and I don't I don't see the argument that sexual harassment First Amendment conduct okay so what's the First Amendment conduct here you're right in that involved the evidence is sufficient to show his wife's substantial motivating factor in the district's decision to reassign him that's a speech case okay but it's also an association case because it's not her speech but it is expressive association but it's also intimate association because she is being linked to him because of his speech if you look at he he also in Roberts it was not clear whether or not the First Amendment was a limited to just expressive association cases it brought up and mentioned and discussed two forms of association cases expressive and intimate associations later cases have for the most part recognized the First Amendment as applying to both there is a few cases that hint that only the 14th Amendment applies and there's some scholarly literature on that as well but again your honor all of the analysis that would go into this as a as a more typical either liberty interest or direct speech case by just saying oh it's First Amendment retaliation but and I don't think you can find a case maybe you can find a circuit but not in this circuit that says you know you can you can avoid all of the public concern and other aspects of this area of the law by just calling it First Amendment retaliation but even if we caught even if we look at it as from a standpoint of substantive due process and a 14th Amendment claim in a they're married and it's not a policy question it's not like the county went and passed a rule cases cited in our brief from other this the first the Eighth Circuit has not specifically said that the First Amendment applies to just pure intimate association cases I agree with that it has applied the same analysis that judge Adams did with respect to marital association cases and whether they involved all of them involved expressive conduct or not I'm not quite sure however there are cases from other jurisdictions and it's cited in our brief where the courts have recognized the First Amendment as applying to both forms expressive association intimate association and in Singleton both were asserted due process was asserted and also expression and the court said this court said the analysis is the same and applied the analysis here but you again Singleton cannot be read in isolation it has to be read with respect to the other in Wingate the court looked at it from the First and then also an intimate association it applied the public concern requirement to the intimate association aspect didn't apply it to the I'm sorry to the expressive aspect didn't apply it to the intimate association case aspect of her claims and they were the claims based on the same facts you brought a First Association claim another case we cited and discussed at length the court said applied a First Amendment this is a different circuit applied a First Amendment analysis your honor and said that public concern didn't apply because it's an intimate association and they by their very nature are not public and then we cited a couple district court decisions I left my wallet my water back at the table to the same effect so I believe if you look at the existing law out there the weight of the law suggests indicates the First Amendment protects both expressive associate associations and intimate associations with respect to intimate associations you cannot be required to show it affects a public concern because by definition intimate associations are intimate okay and of course I'm up here supporting the district court so I disagree with that your honor I think the law is clearly established judge Adams pointed out that the right to intimate association was recognized in in the Roberts case and then she said it was right also recognized with respect to to eight circuit decisions the right to intimate association both based on marital association and I believe it's Wingate and Skolski and then she put together cases five to six cases from other jurisdictions saying the same thing any reasonable person any reasonable sheriff would understand at that point that one Ms. Muir has a constitutional protection her marriage is constitutionally and to fire a person because of whom they're married substantially interferes with that marriage every reason was based and I probed him in his during his going to retaliate why she's married to the former sheriff Muir you believe that she is she ever retaliated before no you believe she is going you're gonna have and he said that we didn't have but the reason they other for example let's say you had a person who was practiced a Muslim religion and let's say that there was a terrorist situation in Decatur County you couldn't fire the person who practiced a Muslim religion because the co-workers were concerned that she might have been involved in this terrorist thing or that's this might make them think about this terrorist incident or anything the conduct the marriage is by the First Amendment or by the 14th Liberty interest and any reasonable officer would have known that you can't fire a person for that reason and when I asked him in each case with freedom they were upset not because anything with Ms. Muir my god they'd worked with her for 20 years they were upset because of whom she was married and when you look at anti-nepotism policies and the like that's a situation where two married people are still in the workplace here he's gone well why is I guess maybe I'm a little fixated on this but why is this not exactly the situation that Judge Arnold described is in his dissent in Singleton which he said should be unconstitutional but the two judge majority said isn't I mean this is exactly what happened in Singleton you have a police officer who or you have somebody's engaged in bad conduct that person gets fired and they fire the spouse and that that's Singleton and Judge Arnold is his dissent says you know this shouldn't be right but the but the majority says it was well why isn't this Singleton this case is different because in this instance Singleton Singleton he he was fired because his wife and daughter had said certain things within telephone context that here there's she's fired not because of anything her husband said or anything but because she is married to him it's her status is being married and they are afraid because she is married she's going to be disloyal they're afraid because she's married she's gonna going to relay information back to him so it's focused exactly on the marriage not upon any of the language and I would suggest that since Singleton the law has evolved and if you read Wingate and Skolsky in those decisions the court made it very clear you can't fire a person based upon their marriage if that if the marriage is a substantial motivated factor in your decision you are violating their First Amendment rights and said in those cases there wasn't sufficient evidence didn't say that's not a claim or didn't say even if he had done that there's no evidence of neither of those plaintiffs won because they didn't have any evidence of what happened but the court was clear that had they had evidence that marriage was and I see my times out so let me complete my thought a substantial and there was not enough evidence assuming Skolsky met his initial burden of Pelley's have articulated a legitimate non-discriminatory reason for their decision to reassign him but your honor the reason can't be the marriage other than otherwise it's circular if you have a protected the reason the legitimate reason can't be the marriage which is it is here in that case they bought alternative reasons why they fired her performance issues whatever it would be is it really just the marriage I mean isn't this one of those cases because of the unique structure of law enforcement agencies that has free decor and the ability to work together is much more paramount and it's not really the marriage it's the idea that we have seven people who say they're not sure they can work with this other person and they're not sure that there's not going to be retaliation and they're not sure that there's not going to be a problem and doesn't the sheriff because of the paramilitary nature of the organization isn't that different than a school say I don't know if it's different than a school but I understand what you're saying cases suggest that but here it would be no different than we have concerns about this person because of the religion they practice they don't really fit in marital associations of protected status and the only thing they're pointing to Miss Muir is not they're not afraid of Miss Muir because she would participate in the harassment they're not afraid of her because of anything other than the fact where they don't have these concerns I don't even know if anyone said they were afraid of her they don't have these concerns other than the fact of whom she is married she is married and to me that's a big distinction if the county had at some point in time decided we really don't think it's a good idea to have married people working together for all the reasons you articulated the law is clear they can do that that's not what they did and you still you didn't even have two people married they focused on her marriage depending upon the motivation but yes if they made the policy well if they had two people in their office they didn't really like them and they passed this policy just to get rid of one of them that would be well you gave me a hypothetical your honor one last thing may I mention I did reference and mention the inextricably intertwined issue with respect to the county it's at page one of my brief thank you thank you sir I wish to make two quick points it does not take an industrial or an organizational psychologist to figure out that a workplace beset by sexual harassing conduct is one that needs fixing in the sheriff's vernacular and as a matter of common sense you would not leave a law around the difficulties and the detritus of a former marital relationship that existed in that workplace for 18 years believing that Miss Muir could heal along with everybody else she was viewed as the problem by those co-workers it is not about the marriage the marriage is a fact it is about what the marriage left behind in terms of the difficulties personnel difficulties and dealings with emotional people after being harassed in this manner that is what the sheriff spoke to that is why he fired her end of story now I wish to make one last point I do this kind of work I've done it for a long period of time what I have not seen is what I see here in Judge Adams decision it concerns me the issue of qualified immunity ever since Anderson versus Creighton and Crawford L somebody back in 1998 has been a standalone issue it is the Supreme Court tells us one that must be decided first and must be decided separate and apart from the merits most recently and I've cited my brief Plumhoff the 2014 US Supreme Court case says that much what the judge did here is she looked at the merits believing this was going to be a what do you call it the McDonnell Douglas burden-shifting paradigm type of an affair and wove into that scheme the issue of qualified immunity qualified immunity itself was never assessed independently but woven into what the judge thought the law was going to be were it to be tried two issues arise from that number one you never get a fair clear shot at qualified immunity if it's going to be mixed up with the merits and I underscore what the Supreme Court says it is an immunity not just from liability but from trial if you mix up the merits of it you have destined a case to go to trial second the destiny of that case at trial will leave to the jury questions of fact or and issues of law indeed that are governed by qualified immunity at a legal level for judges to decide that is another error in itself I hope you will take the moment or two to write and tell judges that you can't do it this way you can't intermingle these things it is not like stewing brewing a broth oh yes sir absolutely yes sir that is all I have any further questions gentlemen thank you